IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PETE RYAN, et al.,

    Plaintiffs,

      v.

                             CIVIL ACTION FILE
                             NO. 1:17-CV-817-TWT

FLOWERS FOODS, INC., et al.,

    Defendants.

## OPINION AND ORDER

This is an ERISA action. It is before the Court on the Defendants' Motion for Summary Judgment [Doc. 37]. For the reasons set forth below, the Defendants' Motion for Summary Judgment [Doc. 37] is GRANTED.

## I. Background

The Defendants Flowers Foods, Inc. ("Flowers Foods") and Flowers Baking Co. of Villa Rica, LLC ("FBC of Villa Rica") are engaged in the bakery business.[1] They distribute baked goods in a number of states, including Georgia.[2] FBC of Villa Rica bakes fresh breads, buns, and other baked goods.[3] The Plaintiffs Pete Ryan, Jeffrey Ray, and Andre Freeman are or were

---

[1]    Defs.' Statement of Material Facts ¶ 1.

[2]    *Id.*

[3]    *Id.* ¶ 2.

distributors for FBC of Villa Rica.[4] FBC of Villa Rica utilizes distributors to sell and distribute its fresh baked goods.[5] FBC of Villa Rica enters into a Distributor Agreement with each of its distributors, which outlines the terms of their relationship.[6] In this Distributor Agreement, FBC of Villa Rica's distributors are labeled as independent contractors,[7] which the Plaintiffs contend is an intentional misclassification for the purpose of avoiding overtime compensation obligations under the FLSA.[8]

Flowers Foods sponsors various benefits plans for eligible employees.[9] One such benefits plan is its 401(k) Retirement Savings Plan (the "Plan"), which is administered and maintained as an employee welfare benefit plan subject to the Employee Retirement Income Security Act ("ERISA").[10] As is relevant to this

---

[4]        *Id.* ¶ 5. The Plaintiffs dispute this factual statement, arguing that they were not "independent distributors" for FBC of Villa Rica. *See* Pls.' Response to Defs.' Statement of Material Facts ¶ 5. This is one of the main points of contention in this case. Nonetheless, the Plaintiffs do not dispute that they were distributors for FBC of Villa Rica. Instead, their contention seems to focus on whether, as distributors, they were employees or independent contractors. Therefore, the Court concludes that there is no dispute of fact that the Plaintiffs were "distributors."

[5]        Defs.' Statement of Material Facts ¶ 3.

[6]        Pls.' Statement of Additional Material Facts ¶ 56; Killorin Decl., Ex. S [Doc. 48-25], at 5-22.

[7]        Killorin Decl., Ex. S [Doc. 48-25], at 5.

[8]        Pls.' Response to Defs.' Statement of Material Facts ¶ 5.

[9]        Defs.' Statement of Material Facts ¶ 7.

[10]        *Id.* ¶¶ 8-9.

case, the Plan was last amended and restated on January 1, 2014, and had previously been amended and restated on January 1, 2010.[11] Flowers Foods is the Plan Sponsor of the Plan.[12] FBC of Villa Rica does not offer any 401(k) plans.[13] The Plan contains various requirements to be eligible for participation. For example, to be able to participate, an individual must be considered an "Eligible Employee," as defined by the terms of the Plan.[14] The Plaintiffs have not been permitted to participate in the Plan.

On March 6, 2017, the Plaintiffs filed the Class and Collective Action Complaint (the "Complaint").[15] In the Complaint, the Plaintiffs assert claims for: (1) violation of the FLSA due to the Defendants' failure to provide proper overtime compensation; and (2) violation of ERISA based upon the Defendants' failure to provide the Plaintiffs benefits that they are entitled to under the terms of the Plan. On July 19, 2017, the parties stipulated to the dismissal without prejudice of the Plaintiffs' FLSA claim due to the pendency of a similar, earlier-filed FLSA action in the U.S. District Court for the Middle District of

---

[11]    *Id.* ¶¶ 10-11.

[12]    *Id.* ¶ 12.

[13]    *Id.* ¶ 13. In the portions relevant to this case, these two versions of the Plan are substantively identical. The Court therefore will refer to these versions collectively as the Plan.

[14]    *Id.* ¶ 14.

[15]    On February 16, 2018, the Plaintiffs moved to amend the Complaint, which the Court denied. *See* [Doc. 36] and [Doc. 45].

Florida.[16] The Defendants now move for summary judgment as to the sole remaining claim for violation of ERISA.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[17] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[18] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[19] The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.[20] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[21]

## III. Discussion

The Defendants move for summary judgment as to the Plaintiffs' ERISA

---

[16]   *See* [Doc. 32].

[17]   FED. R. CIV. P. 56(a).

[18]   *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[19]   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[20]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[21]   *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

claim on two grounds. First, they argue that the Plaintiffs are expressly ineligible for benefits under the terms of the Plan, even if they are ultimately deemed to be common law employees. Second, the Defendants argue that even if the Plaintiffs are eligible for benefits under the Plan, they nonetheless failed to exhaust administrative remedies under the Plan. The Court concludes that the Plaintiffs' ERISA claim fails because they have not shown that they are eligible for benefits under the Plan. Therefore, it is unnecessary to address whether the Plaintiffs were required to exhaust their administrative remedies.

"To assert a claim under ERISA, the plaintiff must be either a 'partici-pant' or a 'beneficiary' of an ERISA plan."[22] The Plaintiffs contend that they are participants who have been wrongfully denied benefits due to their classification as "independent contractors."[23] "A participant is defined as 'any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from' the ERISA plan."[24] Thus, ERISA requires a plaintiff to satisfy two requirements to establish participant status.[25] First, the plaintiff

---

[22]     *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1340 (11th Cir. 2000) (citing 29 U.S.C. § 1132(a)(1)).

[23]     Compl. ¶¶ 177-179.

[24]     *Wolf*, 200 F.3d at 1340 (quoting 29 U.S.C. § 1002(7)).

[25]     *Id.* ("ERISA thus imposes two requirements for participant status."); *Martinez v. Superior Healthplan, Inc.*, No. SA-16-CV-870-XR, 2018 WL 771360, at *1 (W.D. Tex. Jan. 23, 2018) ("A plaintiff must satisfy two requirements to establish participant status.")

must be a common law employee.[26] "Second, the plaintiff must be according to the language of the plan itself, eligible to receive a benefit under the plan."[27] "An individual who fails on either prong lacks standing to bring a claim for benefits under a plan established pursuant to ERISA."[28]

The first requirement, whether the plaintiff is a common law employee, "is an independent review by the court of the employment relationship."[29] The Supreme Court has instructed "that the term 'employee' as used in the ERISA statute refers to the common law analysis, which distinguishes between employees and independent contractors by examining at least 14 factors."[30] With this analysis, the parties' description of their employment relationship is one consideration in determining whether a plaintiff is an employee, but it is not dispositive.[31] However, even assuming that the Plaintiffs prove that they are common law employees, their ERISA claim nonetheless still fails because they cannot meet the second requirement that they are eligible for benefits under the terms of the Plan. "The second prong—whether the plaintiff is eligible for

---

[26]   *Wolf*, 200 F.3d at 1340.

[27]   *Id.* (internal quotations omitted).

[28]   *Id.* (internal quotations omitted).

[29]   *Id.*

[30]   *Id.* (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 319 (1992)).

[31]   *Id.*

benefits—is an examination of the terms of the company's ERISA plan."[32] "This requirement is necessary because companies are not required by ERISA to make their ERISA plans available to all common law employees." In fact, "[n]othing in ERISA requires employers to establish employee benefits plans."[33] Instead, the plaintiff must show that he or she is eligible for benefits under the terms of the plan. ERISA's limitations on who employers can exclude from ERISA plans are very narrow.[34] 29 U.S.C. § 1052(a) prohibits an employer from denying participation in an ERISA plan on the basis of age or length of service.[35] Other than that, any bases for exclusion from a plan are permissible.[36]

Here, even if the Plaintiffs have a plausible argument that they are common law employees of the Defendants, their ERISA claim nonetheless fails because they have not shown that they are eligible for benefits under the terms of the Plan.[37] "[T]he 'dispositive question . . . [is] not whether the claimants were

---

[32]     *Id.*

[33]     *Martinez v. Superior Healthplan, Inc.*, No. SA-16-CV-870-XR, 2018 WL 771360, at *1 (W.D. Tex. Jan. 23, 2018).

[34]     *Id.*

[35]     *Abraham v. Exxon Corp.*, 85 F.3d 1126, 1130 (11th Cir. 1996).

[36]     *Id.*

[37]     *See Wolf*, 200 F.3d at 1342 ("In this case, although Appellant may have a legitimate argument that she was a common law employee of Coca–Cola, her claim for ERISA benefits fails the second prong because she is specifically excluded from eligibility by the terms of Coca–Cola's ERISA plan."); *Martinez*, 2018 WL 771360, at *1 ("Essentially, Defendants argue that assuming arguendo

employees but whether, considering them as employees, they were eligible to participate in an ERISA plan according to the specific terms of the plan under consideration."[38] There is no dispute of fact that the Plan language explicitly excludes the Plaintiffs from coverage. The Plan provides that "Eligible Employee shall mean an Employee (i) who is employed by an Employer and (ii) who is eligible to participate in this Plan and become a Participant for all or a portion of a Plan Year pursuant to Article II of this Plan."[39] The Plan defines Employee as:

> [A] person who performs services for a member of the Controlled Group and who is a common law employee of such Controlled Group member and any Self-Employed Individual who is treated as an employee of a member of the Controlled Group pursuant to Code § 401(c)(1). The term "Employee" shall also include any Leased Employee of a Controlled Group member. The term "Employee" shall not include an individual who provides services to the Employer, or another Controlled Group member pursuant to a contractual arrangement with another entity, but who is not deemed to constitute a Leased Employee. It is expressly intended that individuals who are not treated as common law employees by the Employer or a Controlled Group member for purposes of its payroll records are to be excluded from participation in the Plan, even if a court or administrative agency determines that such individuals are common law employees and not independent

---

the plaintiffs are indeed common law employees, the Summary Plan Description in this case states that individuals who signed independent contractor agreements are not eligible 'even if you are later adjudicated to be a common law employee.'").

[38]    *Martinez*, 2018 WL 771360, at \*1.

[39]    *See* 2014 Plan [Doc. 37-4] § 1.28(a); 2010 Plan [Doc. 37-5] § 1.28(a).

contractors.[40]

The Plan further provides that "Employees described in subsections (c) through (f) of Section 2.1 shall not be Eligible Employees while such description is applicable."[41] Section 2.1(f) provides that "[n]otwithstanding any provision of the Plan to the contrary, individuals who are distributors or thrift store operators and who have executed a written agreement with a member of the Controlled Group for the distribution or sale of goods or products (and any employees, agents or independent contractors of such distributors or thrift store operators) shall not be eligible to participate in this Plan."[42] Furthermore, the Summary Plan Description of the Plan explains that "[y]ou are not an eligible employee and may not participate in the Plan if you are a: Leased employee; Independent contractor; . . . or Distributor or thrift store operator who has an agreement for the distribution or sale of goods or products."[43]

Given these provisions, the Plaintiffs have failed to raise a genuine issue of material fact as to whether they could be found to be eligible for benefits under the terms of the Plan. The Plan's terms explicitly state that, notwithstanding any other provision to the contrary, distributors are not Eligible

---

[40]     *See* 2014 Plan § 1.31; 2010 Plan § 1.31.

[41]     *See* 2014 Plan § 1.28(a); 2010 Plan § 1.28(a).

[42]     *See* 2014 Plan § 2.1(f); 2010 Plan § 2.1(f).

[43]     *See* Killorin Decl., Ex. K [Doc. 48-17], at 7.

Employees and may not participate in the Plan. Since this exclusion is not based upon age or length of service, it is permissible under ERISA. The Plaintiffs have consistently stated that they work or have worked as distributors for the Defendants.[44] Thus, under the clear language of the Plan, the Plaintiffs and other distributors for the Defendants are "not . . . eligible to participate in this Plan."[45] Even if the Plaintiffs would ultimately be able to prove that they are common law employees due to the nature of their work and relationship with the Defendants, their ERISA claim would still nevertheless fail.

The Plaintiffs argue that they are entitled to benefits under the Plan because they are common law employees whose "essential functions are controlled by Defendants."[46] Alternatively, the Plaintiffs argue that, even if they are not common law employees, they are Self Employed Individuals or Leased Employees, either of which would entitle them to benefits under the Plan.[47]

---

[44]    *See, e.g.*, Compl. ¶ 1 ("This class and collective action, brought by Plaintiffs on behalf of themselves and a class of current and former drivers employed by Flowers as distributors, challenges Defendants practices and policies of misclassifying Plaintiffs as independent contractors . . . ."); *id.* ¶¶ 4-6 (explaining that the Plaintiffs Pete Ryan, Jeffrey Ray, and Andre Freeman were employed as "distributors"); *id* ¶¶ 21-62 (describing the work of distributors employed by the Defendants); Pls.' Response to Defs.' Statement of Material Facts ¶ 6 ("Plaintiffs and other distributors were classified as employees and treated as such in FBC of Villa Rica's payroll records and the payroll records of Flower Foods.").

[45]    *See* 2014 Plan § 2.1(f); 2010 Plan § 2.1(f).

[46]    Pls.' Br. in Opp'n to Defs.' Mot. for Summ. J., at 7-8.

[47]    *Id.* at 14-15.

However, the Court finds each of these arguments to be unsupported by both the evidence and the language of the Plan.

First, the Plaintiffs argue that they are eligible for coverage under the Plan because they are common law employees. According to the Plaintiffs, most of their essential functions as workers were controlled by the Defendants, and they were also treated like employees for tax purposes.[48] But, this argument misses the point. The Plaintiffs are not eligible for participation in the Plan, even if they are common law employees. As noted above, the Plan very explicitly states that distributors such as the Plaintiffs are not eligible to participate – regardless of whether they are common law employees, independent contractors, or some other category of worker. The case that the Plaintiffs rely upon, *Daughtrey v. Honeywell, Inc.*, is inapposite. There, the plaintiff, who had been labeled an "independent contractor," argued that the defendant wrongfully withheld benefits owed to her under its 401(k) plan.[49] However, unlike here, the central dispute in that case was whether the plaintiff was a common law employee or an independent contractor. The Eleventh Circuit concluded that a material issue of fact existed as to the degree of supervision and control that the defendant exercised over the plaintiff. The second requirement for ERISA claims – whether the plaintiff was eligible under the terms of the benefits plan – was

---

[48]     *Id.* at 7-8.

[49]     *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1492 (11th Cir. 1993).

not at issue in *Daughtrey*. In this case, in contrast, the dispositive issue is whether the Plaintiffs are eligible to participate based upon the terms of the Plan. Therefore, the Court finds this case unpersuasive.

The Plaintiffs then argue that, alternatively, they are "Self-Employed Individuals" that are treated as common law employees by the Defendants.[50] The Plan defines "Employee" to include "any Self-Employed Individual who is treated as an employee of a member of the Controlled Group pursuant to Code § 401(c)(1)."[51] Thus, it is true that some Self-Employed Individuals are eligible to participate in the Plan. However, this does not change the fact that the Plan specifically excludes the Plaintiffs from eligibility. The Plan states that, notwithstanding any provision of the Plan to the contrary, distributors, such as the Plaintiffs, are not eligible to participate in the Plan.[52] Thus, even assuming that the Plaintiffs are Self-Employed Individuals, they would still not be eligible for benefits. Furthermore, the Plaintiffs also have  provided no evidence supporting their argument that they are Self-Employed Individuals. They provide no definition of the term "Self-Employed Individual," and provide no evidence establishing that they would fit within such a category. Thus, they fail to create a dispute of material fact as to this issue.

---

[50]    Pls.' Br. in Opp'n to Defs.' Mot. for Summ. J., at 14.

[51]    *See* 2014 Plan § 1.31; 2010 Plan § 1.31.

[52]    *See* 2014 Plan § 2.1(f); 2010 Plan § 2.1(f).

Finally, the Plaintiffs argue that they are eligible to participate in the Plan because they are Leased Employees. However, this argument fails for a number of reasons. First, although the Plan defines "Employees" to include Leased Employees, it also explicitly provides that Leased Employees are not "Eligible Employees." Section 2.1(c) states that "Leased Employees shall not be Eligible Employees and shall not be eligible to participate in this Plan while they remain Leased Employees notwithstanding any provision of this Plan to the contrary."[53] Thus, distributors cannot participate, even if they otherwise would be eligible for participation under other provisions of the Plan. Furthermore, even if Leased Employees could be eligible to participate in the Plan, the Plaintiffs still fail to show that they are Leased Employees. They provide no evidence that they perform services for the Defendants pursuant to a contract between the Defendants and a third-party leasing entity. The Plaintiffs provide no evidentiary basis for their claim that they were hired by "related third parties" to perform services for the Defendants.[54] The Plaintiffs must provide evidence showing that they are Leased Employees within the meaning of the Plan – they cannot rely upon mere speculation that they might be Leased Employees, as they do here. In fact, the evidence in the record points to the opposite conclusion. The Plaintiffs entered into a contract directly with the

---

[53]     *See* 2014 Plan § 2.1(c); 2010 Plan § 2.1(c).

[54]     Pls.' Br. in Opp'n to Defs.' Mot. for Summ. J., at 19.

Defendants – the Distributor Agreement – to work as distributors.[55] Finally, even if the Plaintiffs were Leased Employees, they would still not be eligible for participation in the Plan because it categorically excludes distributors from coverage. Distributors, no matter what category of workers they fall under, have been wholly carved out from participation by the plain language of the Plan.

The Plaintiffs also argue that their exclusion from the Plan as Leased Employees violates the Treasury Department's non-discrimination regulations.[56] 26 U.S.C. § 410(b) and 26 C.F.R. 1.410(b)-4(c)(3) "describe minimum coverage and nondiscrimination requirements for qualified pension plans."[57] The Plaintiffs contend that, under these provisions, workers must be allowed to participate in a plan's benefits if they are: (1) Leased Employees who are used to qualify the plan, and (2) constitute more than twenty percent of the "nonhighly compensated employees" of a company.[58] According to the Plaintiffs, the Defendants' drivers (including the Plaintiffs) account for more than twenty percent of its "nonhighly compensated workforce." Consequently their exclusion from the Plan would violate these non-discrimination requirements. However, since the Plaintiffs have failed to establish that they are Leased Employees,

---

[55]     *See* Killorin Decl., Ex. S [Doc. 48-25].

[56]     Pls.' Br. in Opp'n to Defs.' Mot. for Summ. J., at 17-23.

[57]     *Renda v. Adam Meldrum & Anderson Co.*, 806 F. Supp. 1071, 1076 (W.D.N.Y. 1992).

[58]     Pls.' Br. in Opp'n to Defs.' Mot. for Summ. J., at 17-18.

their arguments concerning the non-discrimination testing of the Plan are irrelevant. The Plaintiffs provide no evidence that they are Leased Employees, and thus have not shown that they should be included as Leased Employees in the non-discrimination testing of the Plan. Thus, this basis for challenging the terms of the Plan lacks merit. Since the Plaintiffs have failed to show that they are eligible to participate under the terms of the Plan, the Defendants are entitled to summary judgment.[59]

### IV. Conclusion

For the reasons stated above, the Defendants' Motion for Summary Judgment [Doc. 37] is GRANTED.

SO ORDERED, this 16 day of July, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[59]     Since the Plaintiffs have failed to show that they are eligible for benefits, the Court finds it unnecessary to determine whether they exhausted their administrative remedies under the Plan.